ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
ERICA BRAND PORTNOY (State Bar No. 244923)
E-Mail: *eportnoy@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
Levi Strauss & Co.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LEVI STRAUSS & CO., a Delaware corporation,

Plaintiff,

v.

PREMIER BRANDS GROUP, INC., a New York corporation; ALAN CHARTASH, an individual; and, DOES 1-20, inclusive

Defendants.

Case No. 3:25-CV-3863

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

1. **FEDERAL TRADEMARK COUNTERFEITING** (15 U.S.C. § 1114)
2. **FEDERAL TRADEMARK INFRINGEMENT** (15 U.S.C. § 1114)
3. **FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION** (15 U.S.C. § 1125(a))
4. **FEDERAL TRADEMARK DILUTION** (15 U.S.C. § 1125(c)(2)(C))
5. **CALIFORNIA UNFAIR COMPETITION** (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

**DEMAND FOR JURY TRIAL**

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1.      Plaintiff Levi Strauss & Co. ("LS&Co.") brings this lawsuit to put a stop to a large-scale counterfeit trafficking operation orchestrated by Defendant Premier Brands Group, Inc. ("PBG") and its owner Alan Chartash ("Chartash" and together with PBG collectively referred to as "Defendants"), involving fake, low-quality "Levi's"-branded products bearing counterfeit versions of LS&Co.'s famous trademarks.

2.      Defendants' counterfeit trafficking here was not only significant in size and harm but was also perpetrated willfully, with knowledge that the products were fake, or at a minimum with extreme willful blindness.  Indeed, Defendants needed to leverage forged authorization letters bearing additional counterfeit marks to add a further false imprimatur of authorization and endorsement by LS&Co.  These authorization documents had so many errors that any reasonable person would realize they were forged.  Further, the products themselves were of exceedingly low quality; some even contained additional obvious errors, including for example certain labels that referred to the products as having originated from "Sans" Francisco, California:



3.      LS&Co. has never been "Sans" Francisco.  LS&Co. started as a dry goods company in San Francisco, California, at the height of the California Gold Rush.  Since inventing blue jeans in 1873, LS&Co. has been the authority on denim.  What started as an invention for the American worker became the uniform of progress.  Worn by miners, cowboys, rebels, rock stars, presidents and everyday men and women, these functional pieces were the clothes people not only worked in—they lived their lives in, too.

4.      But Levi's® are more than that.  They are the purest wearable form of authentic self-expression.  Exhibits at institutions such as the Smithsonian and Museum of Modern Art

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

display photographs underscoring the broader cultural impact of Levi's® products, epitomizing classic American style, youth, freedom, and "effortless cool."

5. Today, still headquartered in San Francisco, California, LS&Co. is one of the world's largest apparel companies and a global leader in jeans. LS&Co. has some five hundred stores worldwide, and its products are available in more than 100 countries. The Levi's® brand is just part of its story. LS&Co. is also home to the well-known brands Dockers®, Signature by Levi Strauss & Co.™, Denizen®, and Beyond Yoga®.

6. LS&Co. brands its apparel products using some of the oldest and most well-known apparel trademarks in the world. From buttons to labels to patches, one instantly recognizable feature of Levi's® brand products is the clear and conspicuous branding of the products as originating from San Francisco, California.

7. Every year, millions of jeans, shirts, jackets, t-shirts, and other products are sold bearing one or more of the Levi's® brand trademarks. Unfortunately, the long-lived and enormous success of LS&Co., its popular brands, and its famous trademarks in serving as reliable source indicators of fashionable, high-quality products has increasingly attracted infringers and counterfeiters seeking to illegally capitalize and trade on that same fame, goodwill, recognition, and reputation for top quality and style.

8. As set forth further below, Defendants are the latest example, orchestrating and directing a counterfeit trafficking operation from the United States, buying and selling fake, low-quality "Levi's"-branded products, and causing significant harm and damage to LS&Co., its brands, its goodwill, and its reputation, while making a significant profit for themselves. This action seeks to permanently enjoin Defendants from further counterfeiting, infringement, dilution, and unfair competition, and to also recover for the harm and damages caused to LS&Co.

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

9. Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

(Lanham Act). This Court has supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because each Defendant, in participating in the counterfeit trafficking scheme, willfully infringed intellectual property rights of LS&Co., a known forum resident, causing tortious injury to LS&Co., including to its trademarks, within California, and within this district and division in particular. Defendants did so with knowledge that LS&Co. is located in San Francisco, California. As further alleged below, the forged documents used by Defendants to falsely represent that the products were genuine and authorized by LS&Co. not only referenced LS&Co. but also its location in San Francisco, California. Indeed, because the intent was to counterfeit and trade off of LS&Co.'s famous trademarks, the counterfeit products trafficked by Defendants were marked with the clear geographic indicator "San Francisco Cal." This confirms that Defendants and their counterfeit trafficking scheme intentionally and directly targeted LS&Co. and San Francisco, California.

11. Thus, Defendants have performed intentional acts expressly aimed and purposefully directed at LS&Co. in San Francisco, California, and thereby caused damage that they knew would be suffered by LS&Co. in this forum and district. In addition, Defendants have also misrepresented the authentic nature of the counterfeit and/or otherwise infringing "LS&Co." products as originating from LS&Co. and specifically from "San Francisco, Cal." To that end, Defendants engaged in the unlawful conduct alleged in this Complaint, with knowledge that LS&Co. is located in San Francisco, California, and intentionally infringed and counterfeited the LS&Co. Trademarks knowing LS&Co. is located in San Francisco, California.

12. Further, venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of property that is the subject of the action is situated in this district and division, as this is where the intellectual property at issue is located and registered. As such, this district and division is also the proper venue because a substantial part of the events or omissions giving rise to the claim occurred here, as it was where Defendants expressly aimed its counterfeiting, dilution, and unfair competition, including falsely representing that LS&Co. located in San Francisco, California, authorized and approved resale of the low-quality knock-offs at issue here.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**PARTIES**

13. LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since the 1850s, LS&Co. is one of the oldest and best-known apparel companies in the world. It manufactures, markets, and sells a variety of apparel, including its traditional Levi's® brand products.

14. Defendant Premier Brands Group, Inc. ("PBG") is a New York corporation with its principal place of business in New York, NY. PBG does business through its website at the url: https://premierbrandsgroupinc.com/. PBG claims on its website that they "specialize in the redistribution of consumer products globally." PBG claims that by partnering with them, the brands that they work with can "do what they do best—creating and selling great fashion—while we handle the challenges of excess inventory." But PBG is not a partner with LS&Co. Instead, PBG sources counterfeit products branded with the LS&Co. Trademarks from known counterfeit sources and then resells them to unsuspecting buyers, who purchase the counterfeits rather than genuine products.

15. Defendant Alan Chartash is the CEO of PBG, and as relevant here, has directed, authorized, and participated in the infringing conduct of PBG as alleged in this Complaint. Upon information and belief, Mr. Chartash is a resident of the state of New York.

16. Mr. Chartash ran the counterfeit trafficking operations of PBG alleged herein. Thus far, Mr. Chartash is the only individual identified as being the moving, active, and conscious force behind the infringements of PBG, although there are likely additional individuals beyond Mr. Chartash who personally aided, abetted, participated in, authorized, and/or had the ability and right to supervise, direct, and control the tortious and infringing activities that are alleged herein. These additional individuals, other additional unknown members of the infringing distribution chain, and additional co-conspirators are therefore referred to herein as DOES 1 through 20.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to LS&Co. at this time, who, therefore, sues said Defendants by such fictitious names. LS&Co. will

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

amend this Complaint to reflect the true names and capacities of these DOE Defendants when the same shall have been fully and finally ascertained.

18. LS&Co. is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible, in some manner, for the events and happenings in this Complaint, and legally caused damages to LS&Co., as herein alleged.

19. LS&Co. is informed and believes, and thereon alleges, that at all times relevant to this action, each Defendant, including those fictitiously named Defendants, was the agent, servant, employee, partner, joint venturer, accomplice, co-conspirator, alter ego, and/or surety of the other Defendants and was acting within the scope of that agency, employment, partnership, venture, conspiracy, or suretyship with the knowledge and consent or ratification of each of the other Defendants in doing the unlawful activities alleged in this Complaint.

**LS&CO.'S FAMOUS TRADEMARKS**

20. LS&Co. marks its Levi's® brand products with trademarks that are distinctive and famous around the world. For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent significant amounts of time, effort, and money advertising and promoting the products on which its trademarks are used. LS&Co. has sold hundreds of millions of its Levi's® brand products all over the world, accounting annually for billions of dollars in sales, including sales throughout the United States, in interstate commerce, and in California. Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for high-quality, fashionable products. LS&Co. continuously has used the relevant trademarks to distinguish its products.

21. LS&Co.'s Trademarks are registered in the United States, in the State of California, and around the world; all registrations and common law marks for the LS&Co.'s Trademarks are in full force and effect, valid and protectable, and exclusively owned by LS&Co. LS&Co. continuously has used each of its registered trademarks, from the registration date or earlier, until the present and during all times relevant to LS&Co.'s claims.

22. LS&Co. owns common law and registered rights in numerous famous trademarks, including but not limited to the following United States Federal Registrations. The Federal

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Registrations below have become incontestable under the provisions of 15 U.S.C. § 1065. The LS&Co. Trademarks (the "LS&Co. Trademarks") relevant to the claims against Defendants in this Complaint include, but are not limited to, at least the following Registrations:

| Mark | Registration Number | Registration Date |
|---|---|---|
| Levi's | 250,265 | December 4, 1928 |
| | 404,248 | November 16, 1943 |
| LEVI'S | 516,561 | October 18, 1949 |
| | 577,490 | July 21, 1953 |
| Levi's | 849,437 | May 21, 1968 |
| LEVI STRAUSS & CO S.F. CAL | 928,351 | February 1, 1972 |
| This is a pair of Levi's | 1,381,510 | February 4, 1986 |
| LEVI STRAUSS & CO. SAN FRANCISCO, CAL. ORIGINAL RIVETED QUALITY CLOTHING XX TRADE MARK | 1,140,853 | October 28, 1980 |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| Mark | Registration Number | Registration Date |
|---|---|---|
|  | 1,139,254 | September 2, 1980 |
| LEVI'S | 1,140,011 | September 30, 1980 |
| 501 | 1,552,985 | August 22, 1989 |
|  | 2,320,789 | February 22, 2000 |
|  | 2,620,144 | September 17, 2002 |
|  | 2,791,156 | December 9, 2003 |
|  | 2,794,649 | December 16, 2003 |
|  | 4,002,569 | July 26, 2011 |
| WATER<LESS | 4,277,963 | January 22, 2013 |
|  | 4,969,218 | January 27, 2015 |

23.     The "Tab" trademark appears on almost all jeans and jackets, most shirts, and other products sold under the Levi's® brand.  LS&Co. has used the mark at various times as part of the

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

corporate logo, in retail signage, and on the levi.com website, as a sign of all the company's products and service. Examples of the "Tab" trademark are as follows:

24. The distinctive back pocket stitching on Levi's® brand jeans, known as the Arcuate trademark, was adopted in 1873 – the year Levi Strauss and Jacob Davis invented modern jeans. The Arcuate trademark is the oldest known apparel trademark in the United States still in continuous use. LS&Co. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products. LS&Co. first used the Arcuate trademark on jeans and later used it on other products as well. The mark appears on almost every pair of Levi's® brand jeans, as well as some jackets, shirts, and accessories. Examples of the Arcuate trademark are as follows:

25. The 501 Trademark, the Levi's Two Horse Trademark, and LEVI'S Trademark have been in use for well over 100 years and are used on nearly every type of product that LS&Co. puts out. The 501® trademark designates the most iconic blue jeans (among other products, including t-shirts) from the inventor of blue jeans. An example of the 501, Two Horse, and Levi's Trademarks are as follows:







LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

The Two Horse Trademark further clearly and conspicuously identifies the source and location of the Levi's® brand products as originating from LS&Co. in "San Francisco Cal.":

26. Additional relevant marks here include the Button trademark and the "Guarantee Ticket" trademark. An example of the Button trademark, which also clearly identifies the products as coming from LS&Co. in SF, Cal. is as follows:

Meanwhile, the Guarantee Ticket Trademark has been used for over 125 years. The mark was created and placed on Levi's® brand jeans to document details of the jean construction and verify that they were manufactured by LS&Co. An example of this trademark, which also clearly identifies the product as coming from Levi's in "San Francisco, Cal." is as follow:

27. As set forth in detail above, LS&Co. owns common law and registered rights in numerous famous trademarks, including but not limited to the above United States Federal Registrations, which are incontestable under the provisions of 15 U.S.C. § 1065. The LS&Co. Trademarks set forth above have been used continuously and in some cases for over a hundred years in interstate commerce on apparel, and by virtue of LS&Co.'s use and promotion of the LS&Co. Trademarks, the public recognizes LS&Co. as the source of all apparel products bearing the LS&Co. Trademarks. The LS&CO. Trademarks are valid and protectable, and exclusively owned by LS&Co. The LS&Co. Trademarks are famous and recognized around the world and throughout the United States by consumers as signifying genuine, high-quality Levi's® products. The LS&Co. Trademarks became famous long before Defendants' unlawful and infringing conduct that is the subject of this Complaint.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**DEFENDANTS' COUNTERFEITING AND INFRINGEMENT OF LS&CO.'S TRADEMARKS**

28. LS&Co. recently uncovered a massive counterfeit trafficking operation, orchestrated by Defendants out of New York City, New York. From what is known through LS&Co.'s investigation thus far, and without the benefit of discovery, Defendants purchased, marketed, resold, and trafficked over 90,000 counterfeit "Levi's"-branded products sourced from known counterfeit producers with no reasonable basis to believe that such products might be genuine. In then trafficking and reselling the same, these counterfeits were represented by Defendants as being genuine "Levi's"-branded products. Three examples of the counterfeit products at issue here, alongside genuine Levi's® brand products with genuine LS&Co. trademarks, are shown below:

<table>
<tr><th>Levi's Examples of LS&Co.'s GenuineTrademarks</th><th>
</th></tr>
<tr><td>
</td><td>
</td></tr>
<tr><td>
</td><td>
</td></tr>
</table>

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| Levi's Examples of LS&Co.'s GenuineTrademarks | Example 3 of PBG Counterfeit Products |
|---|---|
|     |   |

29. As the above images establish, the PBG Counterfeit Products bear counterfeit, spurious marks which are identical with, or substantially indistinguishable from, the registered LS&Co. Trademarks set forth in the Complaint above. The intent of course was to counterfeit the LS&Co. Trademarks, and thereby, trade on and profit off of the recognition, fame, and value of those marks. Given the use of counterfeit marks here, the plain intention and actual effect was also to create confusion in consumers, buyers, licensees, collaborators, distribution partners, and the trade in general as to the source and origin of these "Levi's"-branded products and any authorization, sponsorship or approval by LS&Co., to falsely represent that the products were actually genuine, rather than counterfeit.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

30. Indeed, Defendants also trafficked in forged letters purported to come from LS&Co. representatives, and which also counterfeited LS&Co.'s Trademarks and purported to authenticate as genuine and authorize the further resale of these counterfeit products. These forged letters did not come from LS&Co. or any of its representatives and instead were intended to – and did – create a false imprimatur of endorsement and authorization by LS&Co. of the counterfeit products as being genuine, though they were not. That these forged letters included counterfeit LS&Co. Trademarks and specifically referenced "San Francisco" further confirms that Defendants were keenly aware that LS&Co., its products, and its IP originate from San Francisco, and that the harm due to Defendants' counterfeit trafficking would be suffered in this district. Defendants leveraged these forged letters to accomplish their counterfeit trafficking scheme, despite the fact that these letters were obviously fake on their face, containing numerous basic errors such that no reasonable person would rely on such plainly fake documentation.

31. In addition, the counterfeit products themselves were of such low quality as to be plainly counterfeit. As such, Defendants' counterfeit trafficking scheme was undertaken willfully and knowingly, or at a minimum with extreme willful blindness. Indeed, certain of the counterfeit products themselves contained a basic error in the spelling of "San Francisco," making it "Sans" or without Francisco, such that no reasonable person – let alone Defendants who claim to have decades of industry experience – would have believed that these products were genuine:

32. The counterfeit trafficking scheme here caused millions of dollars in damage to LS&Co. in lost sales of genuine products, and Defendants unjustly reaped substantial revenue and profit for orchestrating this counterfeit trafficking operation all at LS&Co.'s expense. This does not even account for the incalculable and irreparable harm to LS&Co.'s Trademarks, reputation,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

brand, and goodwill, among consumers, buyers, licensees, collaborators, distribution partners, and the trade in general.

33. To that end, Defendants' unlawful and infringing conduct as alleged herein further deprived LS&Co. of its rights to use and control use of its trademarks and to maintain its reputation with consumers, buyers, licensees, collaborators, distribution partners, and the trade in general, including the exclusive use of its trademarks on products and services that LS&Co. creates, produces, licenses, and sells. Defendants' unlawful and infringing conduct alleged herein further has created a likelihood of confusion, mistake, and deception among consumers, buyers, licensees, collaborators, distribution partners, and the trade in general, as to the origin and/or source of the counterfeits and the false purported authorization, endorsement, approval, and/or sponsorship of these fake products by LS&Co. Defendants' unlawful and infringing conduct alleged herein further has diluted the capacity of LS&Co.'s Trademarks to differentiate Levi's® products from others and tarnished the LS&Co. Trademarks. Further, Defendants' marketing and sales and use of bank accounts and financial services companies across state lines, at a minimum, located in New York and Illinois, to accomplish the counterfeit trafficking scheme alleged herein, further establish that Defendants' illegal conduct affected interstate commerce.

34. As such, in addition to causing significant damages in an amount to be proven at trial, Defendants' actions have caused, and will continue to cause, irreparable harm, which cannot be adequately compensated through monetary relief alone. Accordingly, LS&Co. does not have an adequate remedy at law and the significant damages and irreparable harm to LS&Co. will continue to escalate unless Defendants are permanently enjoined by the Court.

## FIRST CLAIM FOR RELIEF

***Federal Trademark Counterfeiting - 15 U.S.C. § 1114(1)(b)***

**Against All Defendants**

35. LS&Co. incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

36. Defendants have used in commerce within the United States marks that are identical to, or substantially indistinguishable from, the federally-registered LS&Co. Trademarks,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

in connection with goods falling within the scope of LS&Co.'s federal registrations for the LS&Co. Trademarks.

37. These counterfeit marks have caused and will continue to cause confusion, mistake, or deception among consumers, buyers, licensees, collaborators, distribution partners, and the trade in general.

38. Defendants knew or had reason to know of the LS&Co. Trademarks and LS&Co.'s rights to the exclusive use of the same, and their actions were conducted intentionally and with complete disregard to LS&Co.'s rights. Accordingly, Defendants' actions constitute willful counterfeiting of the LS&Co. Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1)(b), entitling LS&Co. to treble damages and/or enhanced statutory damages under 15 U.S.C. §§ 1117(b) and (c).

39. Defendants' conduct was willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

40. Defendants' conduct has directly and proximately caused LS&Co. to suffer damage to the valuable LS&Co. Trademarks, and other damages, in an amount to be proven at trial.

41. Defendants' conduct has caused substantial and irreparable injury to LS&Co. and to the business and goodwill represented by the LS&Co. Trademarks, thereby leaving LS&Co. without an adequate remedy at law.

42. LS&Co. is entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to treble damages, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

## SECOND CLAIM FOR RELIEF

***Federal Trademark Infringement - 15 U.S.C. § 1114***

**Against All Defendants**

43. LS&Co. incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

44. LS&Co. owns established trademark rights in the LS&Co. Trademarks, which are federally-registered in the United States. The registrations for the LS&Co. Trademarks are valid, subsisting, and incontestable.

45. The LS&Co. Trademarks are famous and distinctive and serve as source-identifiers for LS&Co.'s high-quality products.

46. Defendants knew or had reason to know of the LS&Co. Trademarks and LS&Co.'s rights to the exclusive use of the same.

47. Nevertheless, Defendants used, and unless enjoined by the Court will continue to use, marks that are identical or confusingly similar to the LS&Co. Trademarks in connection with the sale, offering for sale, and/or distribution of infringing products in interstate commerce in a manner that has caused, and is likely to continue to cause, confusion, mistake, or to deceive, and to diminish the value of the LS&Co. brand.

48. Defendants are not, and have never been, authorized by LS&Co. to use the LS&Co. Trademarks on or in connection with any goods.

49. Defendants' actions have caused, and are likely to continue to cause, confusion, mistake, and deception as to the origin, source, sponsorship, approval, and/or affiliation of Defendants' products with LS&Co.'s products.

50. Defendants' conduct was willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

51. Defendants' unauthorized use of the LS&Co. Trademarks constitutes willful trademark infringement of the LS&Co. Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), damaging LS&Co. in an amount to be proven at trial.

52. Defendants' infringing conduct has directly and proximately caused substantial, irreparable injury to LS&Co. and to the business and goodwill represented by the LS&Co. Trademarks, and unless enjoined will continue to do so, leaving LS&Co. without an adequate remedy at law.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

53. LS&Co. is entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to treble damages, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**THIRD CLAIM FOR RELIEF**

***False Designation of Origin and Federal Unfair Competition - 15 U.S.C. § 1125(a)***

**Against All Defendants**

54. LS&Co. incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

55. Defendants have trafficked in, offered for sale, sold, and distributed infringing products that are designed to appear to be genuine LS&Co. products, using marks that are substantially indistinguishable from the LS&Co. Trademarks. Defendants' unauthorized use of marks that are spurious and/or confusingly similar to the LS&Co. Trademarks is likely to cause confusion, deceive, and mislead consumers, buyers, licensees, collaborators, distribution partners, and the trade in general into believing that there is some affiliation, connection, or association between Defendants and LS&Co. and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, authorization, approval, or affiliation of Defendants' products. The confusion is intended by Defendants, who are knowingly trading off of the goodwill, brand, and reputation of LS&Co.

56. Defendants' actions, including but not limited to the unauthorized use of spurious marks that are substantially indistinguishable from the LS&Co. Trademarks, and the false representations that their products are genuine, authorized Levi's products when they are in fact low-quality counterfeit products and are not authorized or endorsed by LS&Co., constitute false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which have caused confusion, mistake, and deception, as to Defendants' products and their association or affiliation with LS&Co., or lack thereof, as well as to the origin, source, and sponsorship of Defendants' products, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

57. Defendants' conduct has directly and proximately caused LS&Co. to suffer damage, including damage to the valuable and famous LS&Co. Trademarks, brands, reputation, and goodwill, and other damages in an amount to be proven at trial.

58. Defendants' conduct is willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

59. Defendants' actions alleged above have caused substantial and irreparable injury to LS&Co. and to LS&Co.'s business, reputation, and goodwill, thereby leaving LS&Co. without an adequate remedy at law.

60. LS&Co. is entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to treble damages, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**FOURTH CLAIM FOR RELIEF**

***Federal Trademark Dilution - 15 U.S.C. § 1125(c)***

**Against All Defendants**

61. LS&Co. incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

62. The LS&Co. Trademarks are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

63. Defendants' use of marks that are substantially similar, spurious, and/or confusingly similar to the LS&Co. Trademarks, as alleged further above, has caused and will continue to cause significant harm to LS&Co.'s brand, reputation, and goodwill.

64. Defendants' acts have diluted and will continue to dilute the distinctive nature of the LS&Co. Trademarks through blurring and tarnishment, in violation of 15 U.S.C. § 1125(c).

65. The distinctive nature and reputation of the LS&Co. Trademarks is extremely valuable, and LS&Co. is suffering and will continue to suffer irreparable harm, blurring, and tarnishment of the LS&Co. Trademarks if Defendants' wrongful conduct is allowed to continue.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

66. Defendants' conduct is willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act and constituting a willful intent to trade on the reputation and recognition of the famous LS&Co. Trademarks.

67. Defendants' actions described above have caused substantial and irreparable injury to LS&Co. and to LS&Co.'s business, reputation, and goodwill, thereby leaving LS&Co. without an adequate remedy at law.

68. LS&Co. is entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to treble damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**FIFTH CLAIM FOR RELIEF**

***California Unfair Competition - Cal. Bus. & Prof. Code §§ 17200 et seq.***

**Against All Defendants**

69. LS&Co. incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

70. Defendants' acts of trademark infringement and counterfeiting, false designation of origin, passing off, dilution, and Federal unfair competition, alleged in detail above, constitute unlawful and unfair business practices under California Business & Professions Code §§ 17200 *et seq.*

71. As a direct and proximate result of Defendants' unlawful and unfair business practices alleged in detail herein, LS&Co. has suffered significant economic injury and will continue to suffer irreparable harm, leaving LS&Co. without an adequate remedy at law. LS&Co. is entitled to restitution, restitutionary disgorgement, and any other monetary remedies to fullest extent available under the law, in addition to all equitable and injunctive relief available under the law.

**PRAYER FOR RELIEF**

WHEREFORE, LS&Co. respectfully prays for judgment in its favor and the following relief:

A.      For entry of judgment in favor of LS&Co. and against Defendants on each of LS&Co.'s claims for relief alleged in this Complaint, including but not limited to an order finding that Defendants has willfully counterfeited, infringed, and diluted the LS&Co. Trademarks and also unfairly competed against LS&Co.;

B.      For an order that Defendants, their agents, servants, employees, and any related persons or entities acting in concert with them, be preliminarily and permanently enjoined and restrained from further acts of counterfeiting, infringement, dilution, and/or unfair competition with respect to LS&Co. and the LS&Co. Trademarks;

C.      For an order requiring Defendants to deliver for destruction any and all products in Defendants' possession that counterfeit or otherwise infringe or dilute the LS&Co. Trademarks;

D.      For a determination that Defendants' acts of infringement, counterfeiting, dilution, and unfair competition constitute willful, intentional, and exceptional violations of the law and constitute a willful intent to trade on the reputation and recognition of the famous LS&Co. Trademarks, including but not limited to pursuant to 15 U.S.C. §§ 1117, 1118 & 1125;

E.      For actual damages in an amount to be proven at trial as a result of Defendants' violations of the Lanham Act, as well as any profits that are attributable to the alleged conduct and that are not taken into account in computing LS&Co.'s actual damages to the fullest extent available under the law;

F.      For maximum statutory damages available under the law to the extent LS&Co. elects statutory damages for any claim for relief;

G.      For restitution and/or restitutionary disgorgement to the fullest extent available under the law;

H.      For treble, exemplary, and/or enhanced damages to the fullest extent available under the law;

I.      For pre-judgment interest, post-judgment interest, the costs of prosecuting these claims, and reasonable attorneys' fees to the fullest extent available under the law;

J.      For additional injunctive, specific performance, and/or other provisional remedies, as appropriate; and,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

K. For such other and further relief as the Court deems just and proper.

DATED: May 2, 2025

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: ______________________

Zachary J. Alinder
Attorneys for Plaintiff
Levi Strauss & Co.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**JURY DEMAND**

Pursuant to N.D. Cal. Civ. L.R. 3-6 and Fed. R. Civ. Proc. Rule 38, Plaintiff Levi Strauss & Co. hereby demands a trial by a jury on all issues herein so triable.

DATED: May 2, 2025

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: ______________________
Zachary J. Alinder
Attorneys for Plaintiff
Levi Strauss & Co.