UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,

Plaintiff,

v.

I.V TRADING COMPANY, et al.,

Defendants.

Case No. 25-cv-03863-EMC

**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**

Docket No. 59

Pending before the Court is Levi's ex parte application for an order authorizing alternative service. The Court previously ordered Levi to provide more information in support of its application. In response, Levi filed the Supplemental Alinder Declaration. Having considered the Supplemental Alinder Declaration, the Court hereby **GRANTS** in part Levi's application.

## I. DISCUSSSION

Levi asks for leave to serve the I.V Defendants and HBB by email pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* Fed. R. Civ. P. 4(f)(3) (providing for international service "by other means not prohibited by international agreement, as the court orders"); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (stating that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'[;] [i]t is merely one means among several which enables service of process on an international defendant").

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

A. I.V Defendants

Levi has sufficiently established that email service – in particular, to the addresses it has located – are "'reasonably calculated, under all the circumstances, to apprise [the I.V Defendants] of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016; *see also id.* at 1017-18 (noting that defendant "has embraced the modern e-business model and profited immensely from it" – indeed, "structured its business such that it could be contacted only via its email address").

B. HBB

The Court has more concern about the proposed use of email service on HBB. The specific email for Sandra Moreno is questionable given Levi's acknowledgment that she has passed away. Some of the "generic" emails do appear on social media posts, but several of the referenced posts are relatively old.

Taking into account the circumstances, the Court shall permit service by email (including on the additional email address identified by Levi), but orders that service be **supplemented** by personal delivery on the physical addresses Levi has for HBB and its attorney, *see* Alinder Decl., Exs. B-C (DHL delivery confirmations), unless Levi can demonstrate that Panama prohibits service by such means. *See* Fed. R. Civ. P. 4(f)(2) (providing for personal delivery "unless prohibited by the foreign country's law"). The Court acknowledges that Levi mailed the summons and complaint on the physical addresses but, as Levi acknowledges, there is at the very least a split in authority regarding the propriety of mail service in Panama. Furthermore, Levi does not advocate for service using letters rogatory under the Inter-American Convention. *See* Supp. Alinder Decl. ¶ 4.b.ii ("Service Via Letters Rogatory Pursuant to the IAC Would Be Unduly Burdensome, Unduly Delay This Case, and Allow Ongoing Harm").

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

## II. CONCLUSION

For the foregoing reasons, the Court grants in part Levi's request for relief. Levi shall have sixty (60) days to serve the I.V Defendants by email and HBB by email and personal delivery.

This order disposes of Docket No. 59.

**IT IS SO ORDERED**.

Dated: September 17, 2026

EDWARD M. CHEN
United States District Judge